UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RONALD LEVI,

       Plaintiff,

                                    07-3228

TERRY WILLIAM et al.,

       Defendants.

### Order

       Plaintiff resides in the Rushville Treatment and Detention Center as a civil detainee. He has filed this lawsuit, along with a petition to proceed in forma pauperis.

       The Prison Litigation Reform Act arguably does not apply to Plaintiff, as he is presumably not "accused of, sentenced for, or adjudicated delinquent for, violations of criminal law." *See* 28 U.S.C. § 1915(h); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004). However, the court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1). Additionally, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Accordingly, the court grants leave to proceed in forma pauperis only for cognizable claims.

       Plaintiff's allegations are set forth as true for purposes of this order. In determining whether the Complaint states a claim, the court liberally construes the allegations, accepting them as true. *Haines v. Kerner*, 404 U.S. 519 (1972).

       Plaintiff alleges that Defendant Williams violated Plaintiff's right of access to courts by taking legal papers Plaintiff needed to prove a pending case, a case he then lost. Plaintiff has sufficiently stated an access to courts claim against Williams. *See Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). Plaintiff must ultimately prove that he lost a potentially *meritorious* case because of Williams' actions, but proof is not required at this point.

       Plaintiff also alleges that the treatment provided at Rushville violates his religious beliefs as a Christian and his right to individualized treatment. Plaintiff asserts that group therapy violates his religion by forcing him to immerse himself in the evil thoughts of others, and by forcing him to revisit his past sins for which he has already repented. He asserts that state mandates require individualized treatment.

       Plaintiff states no constitutional claim about the group therapy or Defendants' refusal to

provide individual therapy.  *See Allison v. Snyder*, 332 F.3d 1076 (7th Cir. 2003)(sex offender group therapy does not violate privilege against self-incrimination or due process rights). "Illinois has concluded that the best treatment for sex offenders is group therapy in which people admit their crimes (to others as well as to themselves), own up to and confront the urges that drive them to perpetrate heinous acts, and then assist each other in overcoming those urges." *Id.* at 1079.  Treatment is not constitutionally required to be "tailored to each individual." *Id.* at 1081.  Recasting the claim as a religious one does not change the outcome, even assuming, arguendo, that participation in group therapy offends Plaintiff's take on Christianity.  The rehabilitation of sexually violent persons serves a compelling government interest.  What treatment best achieves that compelling interest "must be decided by mental-health professionals."  *See id.*; 42 U.S.C. Section 2000cc-1(a)("RLUIPA"); *Turner v. Safley*, 482 U.S.78, 89, 107 S.Ct. 2254, 2261 (1987)(burdens on First Amendment rights constitutional if rationally related to legitimate government interests).  That Defendants are not following state mandates does not amount to a constitutional violation.  *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 767 (7th Cir. 2003)("Failure to implement state law violates that state law, not the Constitution; the remedy lies in state court.")(*citation omitted*).

IT IS THEREFORE ORDERED THAT:

1) Plaintiff is granted leave to proceed *in forma pauperis* on his claim that Defendant Williams violated Plaintiff's right to access the courts. (d/e 2).

2) Plaintiff's claims regarding the group therapy and failure to provide individualized therapy are dismissed for failure to state a claim.  Defendants Adams, Thomas, Sanders, Jumper, Dobier, Proctor and Oberhausen are dismissed, as they are implicated only in this claim.

3) This case proceeds solely on the claim identified in paragraph 1 above.

4) This case is referred to the Magistrate Judge for entry of a Rushville Scheduling Order.

5) The defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 28<sup>h</sup> Day of September, 2007.

      **s\Harold A. Baker**
      _____

       HAROLD A. BAKER
       U.S. DISTRICT JUDGE